IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-22-BO

| | |
|---|---|
| RICARDO FLOREZ and ELIZABETH PAGANO, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FREEDOM MORTGAGE CORP., ) <br> Defendant. ) | O R D E R |

This matter is before the Court on defendant's motion to dismiss. [DE 29]. The matter has been fully briefed and is ripe for ruling. A hearing was held before the undersigned at Raleigh, North Carolina on June 5, 2018. For the following reasons, defendant's motion is GRANTED.

BACKGROUND

Plaintiffs financed their mortgages through defendant after defendant acquired the previous lender's interest in the debt. They then enrolled in a voluntary payment program offered by defendant, which sped up the payment of their principal debt. In this program, half of plaintiffs' monthly mortgage payment was debited every two weeks. The plaintiffs paid a total of 13 payments, separated into 26 Half Payments, in a twelve-month period. 24 of those payments combined to make 12 Periodic Payments, plaintiffs' annual mortgage obligation, which included the principal, interest, and escrow. The other two Half Payments (the 13th and the 26th, chronologically) went directly to the principal.

So, when a Half Payment was debited, it was placed in an Unapplied Funds Account. Then, when its mate was paid at the conclusion of the second two-week period, the entire Periodic Payment was applied to the principal, interest, and escrow owed. The 13th and 26th

Half Payments, as extra payments, were directly applied to the principal alone, and did not wait in the Unapplied Funds Account.

Plaintiffs filed suit challenging this setup. Their claim is that defendant has violated the terms of the contract, and committed other violations, by placing a Half Payment into the Unapplied Funds Account instead of immediately applying it to the principal. They have alleged four causes of action: breach of contract, breach of the duty of good faith and fair dealing, violation of North Carolina's Unfair and Deceptive Trade Practices Act, and, in the alternative, unjust enrichment and negligence. Defendant has moved to dismiss all their claims.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

However, the Court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although complete and detailed

factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

All of plaintiffs' claims rise and fall on the question of breach. If, as defendant argues, the conduct alleged is permitted by the contract, plaintiffs' claims must all be dismissed.

A breach of contract claim under North Carolina law has two parts: the existence of a valid contract and a breach of those terms. *Samost v. Duke Univ*, 226 N.C. App. 257, 260 (N.C. Ct. App. 2013). The parties here do not dispute that the Deed of Trust and the Note represent a valid agreement between them. Instead, plaintiffs argue the alleged conduct is a breach, and defendant argues it is clearly encompassed by the contract.

Plaintiffs point to the language of the Note that reads as follows: "The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note." The Half Payments that are placed in the Unapplied Funds Account are not immediately applied to reduce the amount of the principal. Plaintiffs claim that they are Prepayments, and so they should be, and the placement in the Unapplied Funds Account is a breach. Because the Half Payments are not Prepayments, plaintiffs have not stated a claim for breach of contract.

Prepayments, under the contract, are "a payment of Principal only." [DE 11-2 at 3]. The Half Payments at issue here—the first twelve, and then fourteen through twenty-five, were not payments only towards the principal, but were instead one-half of plaintiffs' monthly mortgage obligation. Under the terms of the contract, these monthly payments, also called periodic payments, were not only applied to the principal of the debt, but also escrow and interest. [DE

3

11-1 at 2]. The 13th and 26th Half Payments, by contrast, were in addition to the twenty-four Half Payments that made up plaintiffs' annual mortgage obligation. These two payments *were* in fact Prepayments, *were* applied directly to the principal, and *were* done so without delay. But the other Half Payments were not Prepayments under the terms of the contract, and the fact that defendant did not immediately apply the first Half Payment to the principal is not a breach.

Plaintiffs' argument is that to be eligible for the program, a mortgage holder's loan must be paid ahead by one month, and so every payment a program participant makes is, philosophically, a prepayment. But the Half Payments at issue here are not Prepayments as defined by the contract between the parties.

Finally, the Court notes that this is a voluntary program. Plaintiffs are under no obligation to opt in to it. Plaintiffs may wish to participate in a program that is structured differently than the one here. That defendant has not offered a different voluntary prepayment program does not form the basis of a breach of contract claim.

As defendant has not breached the contract, there is also no breach of the duty of good faith and fair dealing. *See Maglione v. Aegis Family Health Ctrs.*, 168 N.C. App. 49, 56 (2005). Nor has it violated the Unfair and Deceptive Trade Practices Act. N.C.G.S. § 75.1; *see also Furr v. Fonville Moresy Realty*, 130 N.C. App. 541 (1998).

Plaintiffs' final claim, for unjust enrichment and negligence, requires a finding that thre is not a valid contract between the parties. *See, e.g., Flexible Foam Products, Inc. v. Vitafoam Inc.*, 980 F. Supp. 2d 690, 699 (W.D.N.C. 2013) *aff'd sub nom. FFP Holdings LLC v. Vitafoam Inc.*, 576 Fed. Appx. 234 (4th Cir. 2014). Plaintiffs' filings clearly establish that the presence of a valid contract between the parties is not in dispute. This claim is also dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 29] is GRANTED. The Clerk is DIRECTED to enter judgment and close the case.


SO ORDERED, this 17 day of August, 2018.

                                                       *[signature]*
                                                       TERRENCE W. BOYLE
                                                       UNITED STATES DISTRICT JUDGE